IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TURNER MACHINE COMPANY INC.,<br><br>Defendant. | CIVIL ACTION NO.<br><br>C O M P L A I N T<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Ken Woodard, who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 9 a - r below, the Equal Employment Opportunity Commission alleges that Turner Machine Company, Inc. retaliated against Ken Woodard by terminating his employment after he filed a Charge of Discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful retaliation alleged below was committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII; 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Turner Machine Company, Inc. (Defendant Employer), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Smyrna, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. 2000e(b), (g) and (h). Defendant Employer is a manufacturing firm and custom machine builder whose principal products are automated machines for automobile assembly lines.

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ken Woodard filed a Charge of Discrimination with the Commission alleging retaliation by Defendant Employer.

7. The Commission found reasonable cause to believe the charge was true, and endeavored to eliminate the discriminatory practice(s) through informal methods of conference, conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

8. All conditions precedent to the initiation of this lawsuit have been fulfilled.

9. Since at least March 2012, Defendant Employer has engaged in unlawful

2

employment practices at its Smyrna, Tennessee facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Mr. Woodard's employment in retaliation for filing a Charge of Discrimination with the Commission.

   a. Mr. Woodard began working for Defendant Employer in June 2011 as a Mechanical Engineer.

   b. On Mr. Woodard's first day of work he learned that Defendant Employer requires its employees to participate in daily "huddles."

   c. Huddles are company-wide meetings held every morning where employees share good news and/or other important milestones occurring in their personal lives.

   d. Many employees discussed their participation in church activities.

   e. Mr. Woodard's first huddle ended with a prayer.

   f. On Mr. Woodard's second day of work he e-mailed his supervisor Brian Johns and disclosed that he suffered from an anxiety disorder that would prevent him from participating in the huddles.

   g. Supervisor Johns spoke to Company President Jeff Turner and Defendant Employer agreed to accommodate Mr. Woodard by excusing him from attending huddles.

   h. Mr. Woodard did not attend huddles from June 2011 through December 2011.

   i. Sometime in December 2011, however, Defendant Employer told Mr. Woodard he needed to begin attending huddles again.

   j. On or about December 16, 2011, during huddle, a question was raised about the employees' religious affiliations.

k. After that huddle, Mr. Woodard complained to Supervisor Johns that discussion of religious matters in the workplace was inappropriate, but the same or similar discussions continued at the huddles.

l. Furthermore, Defendant Employer required its employees to read books, some of which had religious implications, and those books were discussed at the huddles.

m. On January 19, 2012, Mr. Woodard filed an EEOC Charge of Discrimination, No. 494-2012-00555, alleging religious discrimination and disability discrimination.

n. In late January 2012 or early February 2012, Defendant Employer received the Charge of Discrimination by mail.

o. Thereafter, on or about February 4, 2012 Defendant Employer accused Mr. Woodard of theft of company property, but those charges were never substantiated.

p. Mr. Woodard and Defendant Employer resolved the Charge of Discrimination, No. 494-2012-00555, on March 13, 2012, through the Commission's formal mediation process.

q. On March 23, 2012, Defendant Employer terminated Mr. Woodard's employment.

r. On March 30, 2012, Mr. Woodard filed EEOC Charge of Discrimination, No. 494-2012-01181, alleging retaliation.

10. The effect of the practices complained of in paragraphs 9 a - r above has been to deprive Mr. Woodard of equal employment opportunities and to otherwise adversely affect his status as an employee, because of retaliation.

11. The effect of the practices complained of in paragraphs 9 a - r above were

4

Case 3:14-cv-01115   Document 1   Filed 05/06/14   Page 4 of 6 PageID #: 4

intentional.

12. The unlawful employment practices complaint of in paragraphs 9 a - r above were done with malice or with reckless indifference to the federally protected rights of Ken Woodard.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Ken Woodard by providing appropriate backpay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Ken Woodard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 a - r above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Ken Woodard by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 9 a - r above, including emotional distress, pain and suffering, embarrassment, lost of enjoyment of life, and humiliation, in amounts to determined at trial.

F. Order Defendant Employer to pay Ken Woodard punitive damages for its malicious and reckless conduct described in paragraphs 9 a - r above, in amounts to be determined at trial.

5

Case 3:14-cv-01115   Document 1   Filed 05/06/14   Page 5 of 6 PageID #: 5

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams by ACJ*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

*Joseph M. Crout by ACJ*
JOSEPH M. CROUT
Supervisory Trial Attorney
TN Bar No. 012957

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Ave., Suite 901
Memphis, TN 38104
(901) 544-0136

*Anica C. Jones*
ANICA C. JONES
Trial Attorney
TN Bar No. 025325

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
220 Athens Way, Suite 350
Nashville, TN 37228
(615) 736-2105